UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CELERINO CARRASCO, | CASE NO. C06-0074-RSM |
| Petitioner, | |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, and CORRECTIONAL SERVICE CORPORATION, | REPORT AND RECOMMENDATION |
| Respondents. | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On January 12, 2006, petitioner Celerino Carrasco filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the validity of his final order of removal to Mexico and his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. #4). On February 17, 2006, respondents filed a Notice of Imminent Deportation and Motion to Dismiss in Part. (Dkt. #10). Respondents argue that, to the extent petitioner challenges the validity and enforcement of his removal order, this Court lacks subject matter jurisdiction under

REPORT AND RECOMMENDATION
PAGE -1

Section 242(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(1), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). On March 13, 2006, respondents filed a Superseding Motion to Dismiss for Mootness, notifying the Court that petitioner was deported to Mexico on February 27-28, 2006. (Dkt. #21). Respondents argue that because petitioner is no longer in ICE custody, his detention claims are now moot and therefore, the Court lacks subject matter jurisdiction.

## II. DISCUSSION

Judicial review of a removal order is governed by INA § 242, 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005. This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, such as the one challenged herein, is to file a Petition for Review with the appropriate court of appeals, which in this case is the Ninth Circuit Court of Appeals. 8 U.S.C. § 1252 (b)(2); (a)(5)("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter"). This provision makes clear that this Court does not have jurisdiction to entertain petitioner's challenge to his removal order. Accordingly, claims by petitioner in which he challenges his final order of removal may not be considered in this habeas corpus action. Further, to the extent petitioner challenges his detention and his conditions of confinement, petitioner's claims are now moot because petitioner was removed to Mexico on February 27-28, 2006. (Dkt. #21, Ex. 3; Dkt. #20) *Picrin-Peron v. Rison*, 930 F.2d 773, 774-75 (9th Cir. 1991).

/ / /

### III. CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss (Dkt. #21) be granted, and that this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 20th day of April, 2006.

Mary Alice Theiler
United States Magistrate Judge